UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID KIRTON, JR,

Plaintiff,

v. Case No. 8:26-cv-1879-VMC-AEP

TRISURA SPECIALTY INSURANCE COMPANY,

Defendant.
_______________________________/

**ORDER**

This cause comes before the Court on consideration of Plaintiff David Kirton Jr.'s Amended Motion for Remand (Doc. # 17), filed on July 28, 2026. Defendant Trisura Specialty Insurance Company responded on August 14, 2026. (Doc. # 21). For the reasons that follow, the Motion is granted.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff initiated this uninsured/underinsured motorist action in state court in April 2026. (Doc. # 1-3). Thereafter, on June 29, 2026, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1). The complaint states that Plaintiff seeks damages in excess of $50,000 but does not state a specified claim to damages. (Doc. # 1-3 at 1). Instead, in its notice of removal, Defendant relied on the state court civil cover sheet, in which Plaintiff checked "over $100,000.00" as the amount of claim. (Doc. # 1 at 3; Doc. # 1-3 at 6).

Now, Plaintiff moves to remand the case to state court, arguing that Defendant "has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." (Doc. # 17 at 3). Specifically, Plaintiff argues that his pre-suit settlement demand of the $100,000 policy limit is insufficient to demonstrate that the amount in controversy requirement has been met as Plaintiff has only incurred past medical expenses of $30,841.56. (Id. at 3-4).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If "the jurisdictional amount is not facially

apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

In response to the Motion, Defendant argues that the Court should deem Plaintiff's $100,000 pre-suit demand as an "honest assessment" of the claim. (Doc. # 21 at 11). Defendant does not dispute that Plaintiff's June 3, 2026, amended initial disclosures only claim $30,841.56 in past medical expenses. (Doc. # 1-5 at 51). However, Defendant highlights that Plaintiff attached to his pre-suit demand letter a report from a treating physician itemizing more than $121,000 in future medical expenses. (Doc. # 21 at 1). Defendant also notes that Plaintiff has claimed unspecified non-economic damages and damages for lost earnings and lost earning capacity. (Id. at 9-11). However, Defendant fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-SDM-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (same). Rather, courts evaluate whether demand letters "'reflect puffing and posturing'" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

The Court determines that Plaintiff's demand for $100,000 reflects puffing and posturing. As of June 3, 2026, Plaintiff has incurred only $30,841.51 in medical expenses. (Doc. # 1-5 at 51). The remaining damages are hypothetical future medical expenses, such as two spinal surgeries estimated to cost approximately $100,000 (Doc. # 21-1 at 7), and unspecified economic and noneconomic damages. (Doc. # 1-5 at 51-52). The future medical expenses estimates were given more than two months ago, and it does not appear that Plaintiff has either scheduled or undergone the surgeries or

other identified procedures. For this reason, the Court does not credit the estimated cost of future medical expenses. See Pennington v. Covidien LP, No. 8:19-cv-273-VMC-AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (concluding that a recommended $110,000 surgery was "a hypothetical future medical expense" and "too speculative to include in the Court's jurisdictional discussion" because the surgery had not yet occurred or been scheduled and there was no evidence to "confirm that this surgery is necessary"); see also Rodriguez v. Family Dollar, No. 8:17-cv-1340-VMC-JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017) (remanding the case to state court where the amount in controversy was based on hypothetical future medical damages and reasoning that the pre-suit settlement offers were mere negotiation tactics).

Additionally, Plaintiff's unspecified claim of pain and suffering damages is too speculative to include in the amount in controversy calculation. "Courts will not speculate as to the value of damages for pain and suffering." Reyes v. Stockhill, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021); see also Johnson-Lang v. Fam. Dollar Stores of Fla., LLC, No. 8:21-cv-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) ("Family Dollar Stores does not provide sufficient

detail about Johnson-Lang's pain and suffering or the other unspecified damages she has allegedly experienced."); Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-SCB-JSS, 2015 WL 12259228, at *3 (M.D. Fla. Aug. 31, 2015) ("Plaintiff asserts that her damages consist of lost past wages and past medical expenses totaling $55,387.24, plus future medical expenses, plus pain and suffering. There is no information for the Court to estimate the amount of future medical expenses, and the Court will not engage in speculation regarding the value of her claim for pain and suffering.").

Similarly, the Court cannot consider Plaintiff's claim of undetermined lost wages and lost earning capacity in determining whether the amount in controversy requirement has been met. See Newbolds v. Amica Mut. Ins. Co., No. 8:19-cv-499-VMC-CPT, 2019 WL 1035854, at *2 (M.D. Fla. Mar. 5, 2019) ("[T]he Court simply has not been provided with sufficiently specific information about these broad categories of damages to find that the amount in controversy has been met."); Pierre v. Gov't Emps. Ins. Co., No. 8:17-cv-1108-VMC-JSS, 2017 WL 2062012, at *3 (M.D. Fla. May 13, 2017) (finding that the manner in which plaintiff described various categories of damages, including "loss of earnings, and loss of ability to earn money" was "so vague and inexact that the Court would be

required to engage in rank speculation to ascribe these damages with any monetary value.”).

In short, the only concrete damages outlined in the record are $30,841.56 in past medical expenses. (Doc. # 1-5 at 51). This is far below the $75,000 minimum to establish jurisdiction. Defendant has not carried its burden of establishing this Court’s diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED:**

(1) Plaintiff David Kirton Jr.’s Amended Motion for Remand (Doc. # 17) is **GRANTED.**

(2) The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of August 19, 2026.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE